BARBER ASPHALT PAVING CO. v. FORTY–SECOND ST., M. & ST. N. AVE. RY. CO.

(Circuit Court, S. D. New York. March 11, 1911.)

STREET RAILROADS (§ 58*)—OPERATION BY RECEIVERS—EXCHANGE OF TRANS-FERS.

A receiver of a federal court, operating a street railroad, will not be directed to issue transfers to passengers over the line of another company, which refuses to honor them or to exchange, and which exchange the court is without jurisdiction to compel.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity. Suit by the Barber Asphalt Paving Company against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. On petition for instructions to receiver in the matter of transfers. Petition denied.

Ferguson & Ferguson, for the motion.
Evarts, Choate & Sherman, opposed.

LACOMBE, Circuit Judge. The receiver is and always has been ready and willing to exchange transfers with the Belt Line at the points named, viz., Forty-Second street and First avenue, and Forty-Second street and Tenth avenue; but the Belt Line (Central Park, North & East Railroad), since it has been operated by owners after it was taken out of the Metropolitan system, has refused to agree to such exchange. This court has no jurisdiction to require it to do so. Under these circumstances, it would not be a "public convenience" for the receiver of the Forty-Second Street road to issue transfers to the Belt Line, knowing that road would not honor them. On the contrary, such action on his part would be an imposition on the traveling public, and highly improper. For these reasons this application is denied.

If petitioner will induce the Belt Line to agree to accept and give transfers at those two points, the receiver will do the same, without it being necessary to apply to this court to instruct him to do so. If petitioner wishes to apply to some state tribunal to secure such action by the Belt Line, and thinks it necessary to join the receiver as a party moved against, he may do so without further leave of this court.